IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| FRANKY TIRADO AND | § | |
| TEDDY E. LOZADA, on behalf of | § | |
| Themselves and all others similarly situated, | § | CASE NO._____ |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| XPERTS CONSTRUCTION INC., AND | § | |
| ALBERTO GONZALEZ, Jr. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**COLLECTIVE ACTION AND CLASS ACTION**

1. Plaintiffs Franky Tirado and Teddy Lozada ("Plaintiffs"), on behalf of themselves and all other "similarly situated" workers of Defendants Xperts Construction, Inc. and Alberto Gonzalez, Jr. (collectively "Defendants"), file this lawsuit to recover unpaid overtime compensation, meal and rest period, liquidated damages, attorneys' fees, and costs under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, *et seq*, and the Puerto Rico Wage Payment Statute, 29 L.P.R.A. §§ 171, *et seq*., §§ 250, *et seq*., and §§ 271, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 1331 as this case involves questions of federal law, specifically the FLSA. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants because they are Puerto Rico residents.

1

4. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District, including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Franky Tirado is an individual residing in Manati, Puerto Rico. His written consent form to this action is attached hereto.

6. Plaintiff Teddy Lozada is an individual residing in Manati, Puerto Rico. His written consent form to this action is attached hereto.

7. "Operator Class Members" constitutes all individuals whose primary duty was to operate heavy machinery for disaster relief on behalf of Defendants and were classified as independent contractors at any time from the three year period prior to the filing of the Complaint to the present.

8. "Laborer Class Members" constitutes all individuals employed by Defendants who were paid an hourly rate without overtime pay at any time from the three year period prior to the filing of the Complaint to the present.

9. Defendant Xperts Construction, Inc. is a domestic for profit corporation organized and existing under the laws of the Commonwealth of Puerto Rico. Said Defendant can be served with process by serving its registered agent Albert Gonzalez, Jr. at MAI Center, 2000 Kennedy Ave., Suite 213, San Juan, PR 00920.

10. Defendant Albert Gonzalez, Jr is an individual that may be served with process at MAI Center, 2000 Kennedy Ave., Suite 213, San Juan, PR 00920, or wherever he may be found.

## COVERAGE

11. At all material times, Defendants have been employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

12. In particular, Defendant Albert Gonzalez, Jr. is an employer under the FLSA because he is an officer, owner, and day to day manager of Defendant Xperts Construction, Inc. He exercised control over the finances, policies, and business practices of the company, including decisions related to hiring and firing and the decision to misclassify Plaintiff Tirado and the Operator Class Members as independent contractors instead of as employees. He also made the decision to deny overtime wages to Plaintiff Lozada and the Laborer Class Members. He ran the operation of the company, was in charge of the payroll decisions, and supervised the staff of the company. Defendant Gonzalez, Jr. also supervised the daily work of the Plaintiffs and the Class Members. As such, Defendant Gonzalez, Jr. is an employer within the meaning of Section 3(d) of the FLSA and is individually liable for any judgment assessed in this action. *See also Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989).

13. At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had and continue to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. At all material times, Defendants have each had an annual gross business volume in excess of the statutory standard of $500,000.

15. At all material times, Plaintiffs and the Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

16. At all material times, Defendants have been employers within the meaning of 29 L.P.R.A § 250b.

17.     At all material times, Plaintiffs and the Class Members were/are employees within the meaning of 29 L.P.R.A § 250b.

## FACTS

18.     In September 2017, Hurricane Maria struck the Commonwealth of Puerto Rico. Hurricane Maria was one of the largest natural disasters in history. As a result, much of the island was in need of repair and cleanup.

19.     Defendants operate a construction company conducting disaster relief work throughout Puerto Rico.

20.     To do this work, Defendants employ Laborers and Operators.

21.     The Laborers are classified as employees of Defendants and are paid an hourly rate. The Laborers perform low skill, manual labor work. This work consisted of sweeping streets, picking up trash and debris, and similar activities.

22.     However, when the Laborers work more than 8 hours in a day or 40 hours in a week, they are not paid any additional wages for overtime.

23.     Plaintiff Lozada worked as a Laborer for Defendants. He worked in Vega Baja, Puerto Rico. He worked for Defendants from December 2017 to February 2018.

24.     Like the Laborer Class Members, Plaintiff Lozada was denied overtime wages. For example, during the two week period of December 25, 2017 to January 7, 2018, he worked 85.75 hours. He was paid his hourly rate of $10.20 but was not paid any additional wages for overtime.

25.     Like Plaintiff Lozada, the Laborer Class Members worked overtime hours but were not paid any overtime wages when they worked more than 8 hours in one day or 40 hours in one week.

26. Consequently, Defendants have violated the law by depriving Plaintiff Lozada and the Laborer Class Members overtime wages.

27. Defendants have also violated the law by misclassifying their Operator employees as independent contractors.

28. The Operator Class Members operate heavy machinery to perform their disaster relief work.  The job of the Operators involves digging dirt, moving heavy debris, and clearing space.  Although they use large equipment and machinery to do this work, it is generally low skilled labor.

29. Plaintiff Tirado worked for Defendants as an Operator.  He worked in Vega Baja, Puerto Rico and began working for Defendants in December 2017.

30. He regularly worked overtime hours for Defendants.  He regularly worked a schedule that was 6:30 am to 5:30 pm, seven days a week.

31. For this work, Plaintiff Tirado was paid a day rate.  However, he was not paid any additional compensation when he worked more than 8 hours per day or 40 hours per week.

32. Additionally, Defendants took illegal deductions from Plaintiff Tirado's wages for a purported "prof serv tax" and a "job retainage report."  There is no valid basis for Defendants to reduce Plaintiff Tirado's wages.

33. Plaintiff Tirado and the Operator Class Members were not paid overtime because they were misclassified as independent contractors.

34. Plaintiff Tirado and the Operator Class Members are not independent contractors, but are employees.

35. Plaintiff Tirado and the Operator Class Members were paid a day rate.

36. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff Tirado and the Operator Class Members.

37. In addition, Defendants instructed Plaintiff Tirado and the Operator Class Members about when, where, and how they were to perform their work.

38. Moreover, the following conduct demonstrates that Defendants acted as an employer with respect to Plaintiff Tirado and the Operator Class Members:

   a. Defendants required Plaintiff Tirado and the Operator Class Members to report to their assigned job site at a set time;

   b. Defendants required Plaintiff Tirado and the Operator Class Members to request time off in advance and have that time away from work preapproved;

   c. Defendants set forth the required procedures to be followed and the order and manner in which Plaintiff Tirado and the Operator Class Members were to perform their work;

   d. Plaintiff Tirado and the Operator Class Members faced termination if they failed to perform their work in the manner required by Defendants;

   e. Defendants assigned Plaintiff Tirado and the Operator Class Members a substantial number of hours of work per week;

   f. Plaintiff Tirado's and the Operator Class Members' services were integrated into Defendants' operations;

   g. Plaintiff Tirado and the Operator Class Members constituted the workforce without which Defendants could not perform their services;

      h. Plaintiff Tirado and the Operator Class Members worked for Defendants for long periods of time as is common with employees; and

      i. Defendants maintained the right to discharge Plaintiff Tirado and the Operator Class Members at any time.

39. Furthermore, the degree of investment Plaintiff Tirado and the Operator Class Members made to perform their work pales in comparison to the expenses Defendants incurred.

40. Further, Plaintiff Tirado and the Operator Class Members performed work that was integral to the operations of Defendants.

41. Moreover, Defendants supervised and controlled the activities of Plaintiff Tirado and the Operator Class Members. Defendants monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendants.

42. Despite these facts, Defendants improperly classified Plaintiff Tirado and the Operator Class Members as independent contractors and not as employees.

43. Defendants misclassified the Plaintiff Tirado and the Operator Class Members as independent contractors to avoid their obligations to pay these employees overtime.

44. However, at all times, Plaintiff Tirado and the Operator Class Members were employees of Defendants.

45. Although Plaintiff Tirado and the Operator Class Members have been required to work more than 8 hours per day and forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for overtime hours.

46. No exemption applies to Plaintiffs or the Class Members.

47. Defendants' method of paying Plaintiffs and all Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct

complied with the FLSA. Defendants' pay scheme was not by accident, but a well thought out plan to reduce their labor costs. Defendants knew the requirement to pay overtime to their employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendants' violations of the FLSA were willful.

## FLSA COLLECTIVE ACTIONS

48. Plaintiffs seek to bring their claims under the FLSA on behalf of himself and all other similarly situated workers of Defendants. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiffs seek unpaid wages, liquidated damages, court costs, and attorneys' fees on behalf of the Laborer Class and Operator Class.

49. Plaintiffs have actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty hours per workweek. That is, Plaintiffs worked with other Laborers and Operators of Defendants. As such, they have first-hand personal knowledge of the same pay violations throughout Defendants' operations.

50. Other workers similarly situated to the Plaintiffs work or have worked for Defendants, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

51. Although Defendants permitted and/or required the Laborer Class Members and Operator Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

52. The Class Members perform or have performed the same or similar work as the Plaintiffs.

53. The Class Members regularly work or have worked in excess of forty hours during a workweek.

54. Like Plaintiffs, the Class Members were not paid overtime.

55. The Class Members are not exempt from receiving overtime under the FLSA.

56. As such, the Class Members are similar to the Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime.

57. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

58. The experience of the Plaintiffs, with respect to their pay, and lack thereof, is typical of the experiences of the Class Members.

59. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

60. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

61. Although the exact amount of damages may vary among Class Members, the damages can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

62. As such, the classes of similarly situated workers is properly defined as follows:

**"Operator Class:" all individuals whose primary duty was to operate heavy machinery for disaster relief on behalf of Defendants and were classified as independent contractors at any time from the three year period prior to the filing of the Complaint to the present.**

**"Laborer Class:" all individuals employed by Defendants who were paid an hourly rate without overtime pay at any time from the three year period prior to the filing of the Complaint to the present.**

## CLASS ACTION ALLEGATIONS

63. Plaintiffs also seek to represent two classes under Fed. R. Civ. P. 23(b)(3) for back wages, interest and liquidated damages under the Puerto Rico Wage Payment Statute, 29 L.P.R.A. §§ 171, *et seq.*, §§ 250, *et seq.*, and §§ 271, *et seq*. The classes are defined below:

> **"Operator Class:"** all individuals whose primary duty was to operate heavy machinery for disaster relief on behalf of Defendants and were classified as independent contractors at any time from the three year period prior to the filing of the Complaint to the present.
>
> **"Laborer Class:"** all individuals employed by Defendants who were paid an hourly rate without overtime pay at any time from the three year period prior to the filing of the Complaint to the present.

64. The individuals in the Classes are so numerous that joinder of all individual members is impracticable. Although the precise number of such individuals is currently known to Defendants, Plaintiffs believe that the number of individuals that worked for Defendants in Puerto Rico in the last three years exceeds 40.

65. There are questions of law and fact common to the Classes that predominate over any individual questions solely affect individual members, including, but not limited to:

   A. Whether Defendants violated Puerto Rico law by classifying the Operators as independent contractors as opposed to employees;

   B. Whether Defendants violated Puerto Rico law by failing to pay overtime wages to the Laborers;

   C. Whether Plaintiffs and the Class Members are entitled to overtime pay;

   D. Whether Plaintiffs and the Class Members are entitled to liquidated damages;

66. Plaintiffs' overtime claims are typical of those of the Operator and Laborer Classes. Plaintiff Tirado, like other members of the Operator Class, was misclassified as an independent contractor and denied his right to overtime wages. The misclassification of Plaintiff Tirado resulted from the implementation of a pay policy which affected all Class Members in a similar

way.  Likewise, Plaintiff Lozado and the Laborer Class Members were denied overtime wages when they worked more than 40 hours in a week despite being classified as employees.  Plaintiffs challenge Defendants' pay practices under legal theories common to all Class Members.

67. Plaintiffs and the undersigned counsel are adequate representatives of the Classes. Given Plaintiffs' losses, Plaintiffs have the incentive and are committed to the prosecution of this action for the benefit of the Classes.  Plaintiffs have no interests that are antagonistic to those of the Classes or that would cause them to act adversely to the best interests of the Classes.  Plaintiffs have retained counsel experienced in class action litigation and wage and hour disputes.

68. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes which would establish incompatible standards for Defendants and similar companies.

69. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes and because a class action is superior to other methods for the fair and efficient adjudication of this action.

**FIRST CAUSE OF ACTION**
**Violation of the FLSA—Collective Action**
**(Failure to Pay Overtime)**

70. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

71. 29 U.S.C. § 216(b) allows Plaintiffs to assert FLSA claims on behalf of themselves and all other employees similarly situated.  Plaintiffs assert this claim on behalf of themselves and all similarly situated employees in the Laborer Class and Operator Class defined above, who

worked for Defendants at any time from the date three years prior to the date the Complaint was originally filed continuing through the present.  All requirements for a collective action are met.

72.     29 U.S.C. § 207 requires Defendants to pay all employees for each hour worked in excess of 40 at a rate equal to one and one half times the regular rate of pay.

73.     Defendants failed to pay Plaintiffs and the Class Members overtime.

74.     Based on the foregoing, Plaintiffs and the Class Members are entitled to the full statutory overtime as set forth in 29 U.S.C. § 207 for all periods in which they worked for Defendants.

75.     They are also entitled to all wages that were wrongfully deducted from their pay.

76.     Defendants' conduct was willful and with the intent to avoid paying them overtime and other benefits that they are legally entitled.

77.     The Plaintiffs and Class Members are not exempt from the overtime requirements under the FLSA.

78.     The FLSA provides that a private civil action may be brought for the payment of federal minimum wages and overtime together with an equal amount in liquidated damages. Moreover, Plaintiffs and the Class Members are entitled to recover attorneys' fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

79.     29 U.S.C. § 211(c) provides in relevant part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

80. 29 C.F.R. § 516.2 further requires that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee during the workweek.

81. To the extent Defendants failed to maintain all records required by the aforementioned statute and regulations, and failed to furnish to Plaintiffs and the Class Members comprehensive statements showing the hours they worked during the relevant time period, they also violated the law.

82. When an employer fails to keep accurate records of hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 is controlling. That rule states:

> [W]here the employer's records are inaccurate or inadequate. . .an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer failed to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

83. The Supreme Court set forth the above standard to avoid allowing the employer to benefit by failing to maintain proper records. Where damages are awarded pursuant to the standard in *Mt. Clemens*, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with. . .the Act." *Id.*

84. Based on the foregoing, on behalf of the Class Members, Plaintiffs seek unpaid overtime at the required legal rates for all their work during the relevant time period, back pay,

reimbursement of all wrongful deductions, restitution, liquidated damages, attorneys' fees and costs, and any other relief allowed by law.

85. Defendants are jointly and severally liable for the liability of each other.

## SECOND CAUSE OF ACTION
## Puerto Rico Labor Law, 29 LPRA § 250 – Class Action
### (Failure to Pay Overtime)

86. Plaintiffs, on behalf of themselves and members of the Classes, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

87. It is unlawful under Puerto Rico law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek or more than 8 hours in one day.

88. In fact, Article II, Section 16 of the Puerto Rico Constitution provides that no worker shall work more than eight hours per day, and 29 L.P.R.A. § 273(a) defines overtime as "the hours that an employee works for an employer more than eight (8) hours during any period of twenty-four consecutive hours."

89. Defendants violated Article II, Section 16 of the Puerto Rico Constitution and 29 L.P.R.A. § 273(a), by regularly and repeatedly failing to properly compensate Plaintiffs for all their compensable overtime actually worked and failing to do so in the time required by the Constitution and 29 L.P.R.A. § 273 (a). "The right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection to his health or person in his work or employment, and to an ordinary work-day which shall not exceed eight hours. An employee may work more than this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed."

14

90. When Plaintiffs worked more than eight hours on the first day of their workweeks, and more than eight hours each subsequent day, the entire subsequent day should have been paid at time and one-half.

91. Defendant willfully failed to pay overtime pay to Plaintiffs

92. Indeed, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rates, of one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per workweek and more than 8 hours in one day.

93. As a result of Defendant willful violations of the applicable Puerto Rico Labor Laws, Plaintiffs and the Class Members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### Puerto Rico Labor Law, 29 LPRA § 171, et seq. – Class Action
### (Illegal Deduction from Wages)

94. Plaintiffs, on behalf of themselves and members of the Classes, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

95. Defendants made illegal deductions from the wages of the Plaintiffs and Class Members. These deductions had no basis in law. The deductions were an improper method of passing Defendants' overhead costs onto the Plaintiffs and Class Members.

96. As a result of Defendant's willful violations of the applicable Puerto Rico Labor Laws, Plaintiffs and Class members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), withheld wages, as provided for by the Puerto Rico Labor

Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Puerto Rico Labor Law, 29 LPRA § 173, et seq. – Class Action
### (Time and Manner of Payment Violations)

97. Plaintiffs, on behalf of themselves, individually, and all others similarly situated, reassert the allegations set forth in the above paragraphs.

98. Puerto Rico Code 29 L.P.R.A. § 173, et seq. requires employers to pay their employees for all hours worked at intervals not to exceed fifteen (15) days. This section further provides that when an employee is dismissed from it work, the employer has a duty to pay the employee no later than the next official payday.

99. Puerto Rico Code further provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney fees, and other appropriate relief. Puerto Rico Code 29 L.P.R.A. § 177.

100. Defendants, and each of them, violated Puerto Rico Code § 173by regularly and repeatedly failing to properly compensate Plaintiffs for all their compensable time and failing to do so in the time required by law.

101. Defendants willfully failed to pay Plaintiffs for time worked.

102. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages, and other damages. all more than the jurisdictional minimum.

## JURY DEMAND

103. Plaintiffs demand trial by jury on all issues so triable.

## Prayer For Relief

104.   Plaintiffs, on behalf of himself and the Class Members, defined above, pray for relief as follows:

A. Determining that the FLSA claims stated herein may proceed as a collective action;

B. Determining that the Puerto Rico claims stated herein may proceed as a class action;

C. Declaring that Defendants committed multiple, separate violations of the FLSA and Puerto Rico law;

D. Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiffs' rights and their obligations under the FLSA and Puerto Rico law;

E. Awarding actual and statutory damages, unpaid overtime wages, liquidated damages, reimbursement for all withheld deductions, and penalties as authorized by the FLSA and Puerto Rico law;

F. Awarding reasonable attorneys' fees and costs as provided by the FLSA and Puerto Rico law; and

G. Granting such other and further relief, in law or equity, as this Court may deem appropriate and just.

In San Juan, Puerto Rico, this 28th day of August, 2018.

RESPECTFULLY SUBMITTED,

KENNEDY HODGES, LLP

By: /s/ Don Foty
Don J. Foty - *will apply for admission pro hac vice*
Texas Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: (713) 523-0001
Fax: (713) 523-1116
Email: dfoty@kennedyhodges.com

AND

SHELLIST LAZARZ SLOBIN LLP

By: /s/ Ricardo J. Prieto_____
Ricardo J. Prieto - *will apply for admission pro hac vice*
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

AND

THE LAW OFFICES OF
ANDRES W. LOPEZ, P.S.C.

By: s/Andres W. Lopez
Andres W. Lopez
USDC Bar No. 215311
P.O. Box 13909
San Juan, PR 00908
(787) 294-9508 (Tel)
(787) 294-9519 (Fax)