## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **FRANKY TIRADO AND** | § | |
| **TEDDY E. LOZADA, on behalf of** | § | |
| **Themselves and all others similarly situated,** | § | **CASE NO.3:18-cv-01614-CCC** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **XPERTS CONSTRUCTION INC., AND** | § | |
| **ALBERTO GONZALEZ, Jr.** | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' 12(b)(5) MOTION TO DISMISS & ALTERNATIVE MOTION FOR SUBSTITUTE SERVICE

**TO THE HONORABLE JUDGE OF THIS COURT:**

Plaintiffs Franky Tirado and Teddy Lozada file this Response to Defendants' Motion to Dismiss and file this Alternative Motion for Substitute Service. In support of this motion, Plaintiffs show the Court as follows:

### I.    SUMMARY OF ARGUMENT

Despite the fact that Defendants have been actively evading service for several months, Plaintiffs properly effectuated service on Defendants pursuant to Fed. R. Civ. P. 4. Defendants have been served with multiple copies of the summons _and_ the Complaint. Defendants have also been made well aware of the claims raised by the Plaintiffs and have hired Defense Counsel to represent them. Further, Defendants admit that they have received actual notice of the Complaint and the claims raised by the Plaintiffs, demonstrating that their Motion to Dismiss is without merit. (_See_ Doc. 8 at page 4). That in itself is fatal to Defendants' Motion to Dismiss, but more so is that Defendants waived the right to contest service by filing their Motion to Dismiss _AFTER_

the deadline to do so. Ultimately, Defendants' Motion to Dismiss should be denied because it was filed solely to delay this case and without a valid legal basis.

In the alternative, should the Court find that Plaintiffs failed to effectuate proper service on Defendants, Plaintiffs seek leave of Court to effectuate service on Defendants' legal counsel who have already made an appearance in this case.

## II.    FACTUAL BACKGROUND

This case arises under the Fair Labor Standards Act (hereinafter the "FLSA") and the Puerto Rico wage and hour laws. Plaintiffs were employed by Defendants as construction workers who were involved in the disaster relief services after Hurricane Maria. Defendants enacted a company-wide policy to deny Plaintiffs and the Class Members overtime wages for the long hours that they worked. Defendants' actions violate the FLSA and Puerto Rico law.

On September 18, 2018, Defendants received copies of the summons. (*See* Exhibit "1.") Plaintiffs' process server spoke with Sandra Linares – the secretary and administrative assistant for Defendants. (*Id.*) Ms. Linares said that she was authorized to accept service. (*Id.*) In fact, Defendants submitted an affidavit from Ms. Linares where she admitted that she spoke with Plaintiffs' process server and told Plaintiffs' process server that she could receive the summons. (*See* Doc. 8-1). Now, Ms. Linares curiously claims she was only authorized to accept service for Xperts Construction, Inc. but not Alberto Gonzlez, Jr. (*See id.*)

Thereafter, Plaintiffs' process server, Ms. Paola Diaz, visited the business address for Mr. Gonzalez on November 8, November 9, and November 15. (*See* Exhibit "2.")  During each of these instances, Mr. Gonzales failed to appear to receive service. (*See id.*)  In fact, Ms. Diaz was specifically told that Mr. Gonzalez would be available on November 9. (*See id.*)  However, when Ms. Diaz appeared on November 9, he failed to appear. (*See id.*)

On November 21, Ms. Diaz personally appeared again and both Ms. Linares and Mr. Gonzalez refused to appear. (*See* Exhibit "3."). Nevertheless, she mailed the summons and Complaint to Defendants. (*See id.*)

### III.   ARGUMENTS AND AUTHORITIES

**A. Defendants' Motion to Dismiss should be denied because each Defendant was properly served with the summons and Complaint pursuant to the Federal Rules of Civil Procedure.**

Rule 4(e) of the Federal Rules of Civil procedure provides that service on a defendant can be made by delivery a copy to: "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Additionally, Rule 4(e) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction." Fed. R. Civ. P. 4(e)(1). In Puerto Rico, service may be made through publication and mailing a copy of the summons and Complaint to the defendant pursuant to Rule 4.5 of the Puerto Rico Rules of Civil Procedure. *See Rodriguez v. Nasrallah*, 118 D.P.R. 93 (1986).

This district has held that the dismissal of a claim "under Fed. R. Civ. P. 12(b)(5) is inappropriate when there [are] 'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." *Ramírez de Arellano*, 236 F.R.D. at 85 n. 4. Therefore, if the first service of process is ineffective, and the defects are curable, the Court should treat a motion to dismiss as a motion to quash service of process in the alternative, and retain the case pending effective service. *Id*. As a result, a great number of motions requesting dismissal filed under Rule 12(b)(5) are often treated as motions to quash service of process. *Ramirez de Arellano*, 236 F.R.D. at 85 n. 4. Indeed, **dismissal for failure to meet the service requirements is disfavored** where there is a reasonably conceivable means through which service may be obtained. *Torres v. Junto De Gobierno De Servicio De Emergencia*, 91 F.Supp.3d

243, 248 (D.P.R. 2015) (internal citations omitted).  Nevertheless, service was proper under both the Federal Rules and Puerto Rico Rules of Civil Procedure.

> **i.**   ***Xxperts Construction Inc. was properly served with a copy of the summons and the Complaint.***

Defendants contend that Xperts Construction Inc. was not served with a copy of the summons or the Complaint. This could not be farther from the truth. As noted above, Plaintiffs' process server made *five* separate trips to the office of Xperts Construction Inc. She left copies with an agent of the company who indicated she was authorized to accept service. As noted above, Rule 4 recognizes that service of process may be accomplished by delivering copies to a *general agent or any other agent* authorized to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). Here, the Plaintiffs served the corporate Defendant two ways:

*First*, Plaintiffs served Sandra Linares - an agent authorized to receive service of process on behalf of the corporate Defendant. Ms. Linares declared: "I told the [process server] that Mr. Gonzalez's was unavailable, but that if she wished, she could deliver the [summons] to me…I then took [the summons] to the office of Alberto Gonzalez, Jr." (*See* Doc. 8-1 at ¶6).  As such, by her own admission, Ms. Linares was tasked with relaying documents to the corporate Defendant (in this case a summons), and is an agent for receiving service of process for the corporate Defendant. *See, e.g., Flynn v. Pulaski Const. Co.*, No. Civ. A. 02-02336, 2006 WL 47304, at *4 (D.D.C. Jan. 6, 2006) (finding actual notice sufficient to overcome service deficiency where bookkeeper represented to process server that she was authorized to receive service).[1]  Courts have held that a receptionist who "knows to whom to give the papers" is an authorized agent

---

[1]   Service through Ms. Linares also satisfies service on the individual Defendant in this case pursuant to Fed. R. Civ. P. 4(e)(2)(B). *See 131 Main Street Associates v. Manko*, 897 F. Supp. 1507 (S.D.N.Y. 1995); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1096 (3d ed.).

qualified to receive service for a corporation. *Zond, LLC v. Fujitsu Semiconductor Ltd.*, 53 F. Supp. 3d 394, 397 (D. Mass. 2014) (*quoting Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir.1988)).  Given that Ms. Linares was an agent, Xperts Construction Inc. was properly served.

    *Second*, Xperts Construction Inc.was mailed a copy of the summons and Complaint to its registered agent for service. Given that such a method is proper under Puerto Rico law, it is also proper in Federal Courts in Puerto Rico. *See* Fed. R. Civ. P. 4(e)(1). Therefore, Xperts Construction Inc. has been served.

> ### ii. *Alberto Gonzalez, Jr. was properly served with a copy of the summons and Complaint because he had actual notice of the lawsuit, received copies of the lawsuit, and actively evaded personal service.*

    "[T]he rules governing service of process are utilized for the purpose of bringing actual notice to the intended recipient." *Minnesota Mining & Mfr'g Co., v. Kirkevold*, 87 F.R.D. 317, 324 (D. Minn. 1980). Actual notice satisfies the due process requirement and provides the court with personal jurisdiction.  *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc*., 107 F.R.D. 665, 671 (S.D. Fla. 1985). Where the defendant receives actual notice and the plaintiff makes a good faith effort to serve the defendant pursuant to the federal rule, service of process has been effective. *Id.* Good faith efforts at service are effective particularly where the defendant has engaged in evasion, deception, or trickery to avoid being served. *Id.*

    It has been noted by the courts that the requirements for service of process are to be liberally construed.

> The service of process is not a game of hide and seek. Where service is repeatedly effected in accordance with the applicable rules of civil procedure and in a manner reasonably calculated to notify the defendant of the institution of an action against him, the defendant cannot claim that the court has no authority to act when he has willfully evaded the service of

process.

*Sakallah v. Harahan Living Center, Inc.*, 2006 WL 2228967 at *2 (E.D. La. 2006) (citing *Ali v. Mid-Atlantic Settlement Services, Inc.,* 233 F.R.D. 32, 36 (D.D.C. 2006).). The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate. *TRW, Inc. v. Derby-shire*, 157 F.R.D. 59, 60 (D. Col. 1994). Serving a defendant should not be a cat and mouse game for defendants that are otherwise subject to the court's jurisdiction. *Id*. at 60.

In this case, proper service has been perfected under federal case law. Courts have consistently concluded under nearly identical facts as these - where a defendant refuses to accept service of process - delivery may be accomplished without physically placing the documents in the hands of the defendant. *See, e.g., Slaieh v. Zeineh*, 539 F. Supp. 2d 864 (S.D. Miss. 2008).

> If the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server to touch the party to be served with the papers and leave them in the defendant's presence or, if a touching is impossible, simply to leave them in the defendant's physical proximity. It is not crucial in these circumstances that the defendant does not take the papers into his or her possession. Since this procedure satisfies the objective of giving notice to the party to be served, it seems to be entirely sufficient to satisfy the delivery requirement of Rule 4(e)(2).

*Id*. at 868 (citing 4A Wright & Miller, *Federal Practice and Procedure,* § 1095.)

> A similar rule is recognized in 62B Am. Jur. 2d, Process, § 190 (2005):

> While personal service of process does not require "in hand" delivery, it should not become a game of wiles and tricks and a defendant should not be able to defeat service simply by refusing to accept the papers or by instructing others to reject service. Even though a defendant refuses physical acceptance of a summons, service is complete if a defendant is in close proximity to a process server under such circumstances that a reasonable person would be convinced that personal service of the summons is being attempted.... A process server may leave the summons outside of the door of a structure, informing the defendant that he is so doing, where the defendant interposes the door between himself and the process server.

*Id*. at 868-69 (citing 62B Am. Jur. 2d, Process, § 190.)

Federal courts have routinely held that where a defendant refuses to accept personal service of the summons and the complaint, delivery "in hand" is not required. *See id.*; *see also Ancient Sun Nutrition, Inc. v. Lawlor*, 2008 WL 1944235 (W.D. N.C. 2008); *Travelers Casualty and Surety Company of America v. Brenneke*, 551 F.3d 1132 (9th Cir. 2009); *Gambone v. Lite-Rock Drywall Corp.*, 2003 WL 21891584 (E.D. Pa. 2003).

In fact, service is proper when the defendant has been afforded notice of the pendency of the legal action, in a manner and at a time that afforded the defendant a fair opportunity to answer the complaint and present defenses and objections. *See Brumfield v. Coody*, 303 Fed. Appx. 217 (5th Cir. 2008) (relying upon *Henderson v. United States*, 517 U.S. 654, 661-62 (1996). Along this line, federal courts have observed that "[t]he key question is whether a party receives sufficient notice of the complaint and action against them." *Doe v. Qi*, 349 F. Supp. 2d 1258, (N.D. Cal. 2004).

Where a defendant attempts to avoid service, service is made by leaving the summons and complaint in a location for the defendant to receive. *See, e.g., Ancient Sun Nutrition, Inc. v. Lawlor*, 2008 WL 1944235 (W.D. N.C. 2008) (finding that service was proper when the process server left the complaint and the summons on the floor inside the front door of the defendant's residence after the defendant refused to accept delivery of the documents); *United States v. Miller*, 2007 WL 3173362 (E.D. Mich. 2007) (finding that service was proper when the process server left the summons and the complaint in front of the defendant after the defendant refused to accept the documents and the defendant denied his identity); *Sakallah v. Harahan Living Center, Inc.*, 2006 WL 2228967 (E.D. La. 2006) (find that service of process was proper when the summons and complaint were left at the residence of the defendant with another person when the defendant was present yet, refused to accept the documents); *Travelers Casualty and Surety*

*Company of America v. Brenneke*, 551 F.3d 1132 (9th Cir. 2009) (finding that service of process was proper when the defendant refused to answer the door and the process serve yelled through the door that the defendant had been served and left the summons and the complaint on the doorstep); *Gambone v. Lite-Rock Drywall Corp.*, 2003 WL 21891584 (E.D. Pa. 2003) (finding that the refusal of a defendant to open the door does not invalidate service on the defendant at his dwelling house when the process server left the documents under the door mat). Furthermore, federal courts have held that a defendant's "refusal to open the door does not invalidate plaintiff's service." *Villanova v. Solow,* 1998 WL 643686, at *2 (E.D. Pa. 1998) (deciding that personal service was effective where the defendant refused to open the door of his dwelling and the process server put the papers through the mail slot in the front door); *see also Novak v. World Bank,* 703 F.2d 1305, 1310 n. 14 (D.C. Cir. 1983) ("When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person.").

Proper service was perfected upon Mr. Gonzalez in this case. Mr. Gonzalez has actively tried to avoid service. Nevertheless, he was given sufficient notice of the Complaint and the lawsuit against him. Ms. Linares works for Mr. Gonzalez and has spoken with him. Indeed, she works on the same floor as Mr. Gonzalez and told Plaintiffs' process server she could accept service. Plaintiffs' process server clearly communicated an intent to serve and made reasonable efforts to hand Mr. Gonzalez the papers. Mr. Gonzalez simply refused to appear. Thereafter, Mr. Gonzalez retained defense counsel, received a copy of the summons and Complaint, and was mailed a copy of the summons and complaint. Mr. Gonzalez cannot actively evade personal service for months and try to avoid appearing before the court.  In this instance, Mr. Gonzalez was properly served.

**B. Defendants have waived their right to object to insufficient service**

Fed. R. Civ. P. 12(a)(1)(A)(i) states that a Defendant must serve an answer … "within 21 days after being served with the summons and complaint". Here, Defendants did not file an answer or a responsive pleading within 21 days. Rather than file its Motion to Dismiss within 21 days, Defendant waited approximately 45 days to file the Motion. Although Defendants filed a motion for extension of time, that motion for extension was never granted and Defendant failed to act within the 21 day deadline. Accordingly, Defendants have waived their right to object to service of process.

## IV. ALTERNATIVE MOTION FOR SUBSTITUTE SERVICE

To the extent that the Court finds merit with Defendants' arguments and determines that proper service was not made on Defendants, Plaintiff respectfully move for leave of Court for substitute service on Defendants.

Defendants have filed their motion to dismiss under Federal Rule 12(b)(5).  Motions under Rule 12(b)(5) differ from other motions permitted by Rule 12(b) in that they provide the district court with a course of action other than simply dismissing the case. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (3d ed. 2010) That is, the court may, in exercising its discretion, convert the motion to dismiss under Rule 12(b)(5) into a motion to quash service of process without dismissing the action. *Sanchez-Velazquez v. Municipality of Carolina*, Civil No. 11–1586 (SEC), 2012 WL 6726475 at * 2 (D.P.R. Dec. 27, 2012).

In fact, courts in this district have held that dismissal of a claim "under Fed. R. Civ. P. 12(b)(5) is inappropriate when there are 'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." *Ramirez de Arellano*, 236 F.R.D.

83, 85, n. 4 (D.P.R. 2006); *see also Felix–Green v. Haver filling Systems, Inc.,* Civil Action No. 10–1526, 2011 WL 1545732, at * 1 (D.P.R. Apr. 25, 2011). This Court should use its discretion and decline to dismiss Plaintiffs' claims. Instead, the court should grant Plaintiffs' Motion to substitute service onto Defendants' attorneys of record.

First, the summons for both Defendants were issued on August 28, 2018. (*See* Doc. 1-6 and 1-7). A plaintiff has 90 days to serve a defendant after the issuance of summons. Fed. R. Civ. P. 4(m).  Thus, Plaintiffs' deadline to serve Defendants is not until November 28, 2018. A dismissal at this stage would be premature and unwarranted because to the extent service is deficient, Plaintiffs still have more time under the rules.

Second, any defects in the service can be easily cured by serving the summons and Complaint on Defendants' counsel. Defendants have retained qualified attorneys who have received notice of the lawsuit. Both Defendants have hired the law firm Sanabria Bauermeister Garcia & Berio, LLC to defend them in this lawsuit. As such, they are Defendants' authorized agents in this matter. Counsel has filed a motion for extension of time (Doc. 7) and later, a motion to dismiss. (Doc. 8). With the Court's permission, Plaintiffs ask they be allowed to serve the summons and Complaint on Defendants' counsel so the Parties can begin litigating this case on its merits.

As noted above, Plaintiffs made numerous, repeated attempts at service. Defendants have been evasive and simply refused to appear. Moreover, Plaintiffs also mailed the summons and Complaint by certified mail. Even further, Plaintiffs' Counsel asked Defendants' Counsel to waive service of the summons. (*See* Exhibit "4" – Declaration of Prieto).

The Federal Rules of Civil Procedure place an affirmative duty on the Defendants to avoid the costs of service.

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of the serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons.

Fed. R. Civ. P. 4(d)(2).

Again, Plaintiffs' Counsel requested a waiver of service from Defendants' Counsel, but they refused to comply. (*See* Prieto Decl. at ¶¶5-6.).  Plaintiffs employed a private process server to attempt to effect service pursuant to Rule 4(h). The Federal Rules of Civil Procedure impose the costs of service and reasonable attorney's fees on a defendant that fails to waive service of summons.

> The cost to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

Rule 4(d)(5). Courts have observed that effective service under Rule 4 depends on the cooperative response of the defendant. *Worrell v. B.F. Goodrich Co.*, 845 F.2d 840 (9th Cir. 1988). However, when a defendant fails to cooperate, as here, the plaintiff shall be entitled to an award of costs and fees for having to complete service through other means, and for bringing a motion for reimbursement. *Premier Bank v. Ward*, 129 F.R.D. 500, 502 (M.D. La. 1990) (plaintiff awarded costs and fees of $1,287.50); *Double "S" Truck Line v. Frozen Food Express*, 171 F.R.D. 251 (D. Minn. 1997) (plaintiff awarded $1,277.51 in costs and fees).

Moreover, service on defense counsel is an appropriate alternate method because an attorney provides advice to the defendant about the lawsuit and the claims that were raised. *See In re Schmitt*, 321 Ill.App.3d 360, 367-68, 747 N.E.2d 524 (2d Dist. 2001); *Schmitt v. Schmitt*, 2002 WL 109359 at *1 (N.D. Ill. Jan. 28, 2002) (noting appellate court's approval of service on

defendant's former attorney as constitutionally permissible); *Hotel Employees and Restaurant Employees International Union Welfare Fund v. Printer's Row, LLC*, 2006-cv-4630, 2008 WL 514287 (N.D. Ill. Dec. 5, 2008) (approving service on defendant's attorney).[2]

Given Defendants' intentional effort to avoid service, including the Defense Counsel's refusal to waive service, Plaintiffs have incurred significant costs.  In the interests of justice and fairness, Plaintiffs ask that the Court order Defendants' Counsel to accept service of the summons and Complaint. Plaintiffs have made every reasonable effort to effectuate service but Defendants have refused to cooperate.[3]  Accordingly, should the Court find that Plaintiffs have failed to properly effectuate service, Plaintiffs request leave to serve Defendants through its legal counsel in this case.

<u>**CONCLUSION**</u>

Plaintiffs request that the Court deny Defendants' Motion to Dismiss.  Service was proper on Defendants. To the extent that the Court finds merit with Defendants' arguments, Plaintiffs respectfully move for leave to serve the summons and Complaint on Defendants' Counsel.

Date: November 21, 2018.

---

[2] Granting Plaintiffs' request to serve Defense Counsel would not unduly prejudice them. However, denying this request would result in the Plaintiffs needing to re-file this lawsuit once more.  This will only increase expenses and waste this Court's time and resources.

[3] **A plaintiff may escape dismissal in the face of insufficient service** in two circumstances: (1) where there is 'good cause for the failure,' or (2) even if there is not good cause shown, **where the court in its discretion decides to grant the plaintiff more time to effect service.** *Moreno-Perez v. Toledo-Davila*, 266 F.R.D. 46, 49 (D.P.R. 2010) (internal citations omitted) (emphasis added).

Respectfully Submitted,

KENNEDY HODGES, LLP

By: */s/ Don J. Foty*
Don J. Foty - *admission PHV pending*
Texas Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: (713) 523-0001
Fax: (713) 523-1116
Email: dfoty@kennedyhodges.com

&

SHELLIST LAZARZ SLOBIN, LLP

By: */s/ Ricardo J. Prieto*
Ricardo J. Prieto *admission PHV pending*
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

&

THE LAW OFFICES OF
ANDRES W. LOPEZ, P.S.C.

By: */s/Andres W. Lopez*
Andres W. Lopez
USDC Bar No. 215311
P.O. Box 13909
San Juan, PR 00908
(787) 294-9508 (Tel)
(787) 294-9519 (Fax)

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on November 21, 2018, a true and correct copy of the foregoing document was electronically filed. Notice of this filing will be served on all parties by operation of the Court's Electronic Filing System:

*/s/Andres W. Lopez*
Andres W. Lopez
