# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANKY TIRADO, ET AL., | |
| Plaintiffs, | |
| v. | CIVIL NO. 18-1614 (RAM) |
| XPERTS CONSTRUCTION, INC., ET AL., | |
| Defendants. | |

### Answer to Plaintiff's Original Complaint/Collective Action and Class Action

To the Honorable Raúl Arias Marxuach, U.S. District Court Judge:

Defendants Xperts Construction, Inc. (Xperts Construction) and Alberto Gonzalez, Jr.

(Gonzalez, Jr.) respectfully answer Franky Tirado and Teddy E. Lozada's (Plaintiffs) complaint

(ECF No. 1) as follows:

1. Plaintiffs Franky Tirado and Teddy Lozada, on behalf of themselves and all other "similarly situated" workers of Defendants Experts Construction, Inc. and Alberto Gonzalez, Jr. (collectively "Defendants"), file this lawsuit to recover unpaid overtime compensation, meal and rest period, liquidated damages, attorneys' fees, and costs under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, et seq. and the Puerto Rico Wage Payment Statute, 29 L.P.R.A. §§ 171, et seq., §§ 250, et seq., and §§ 271, et seq.

**Response:** In answer to Paragraph 1, Defendants admit that Plaintiffs purport to assert claims on

behalf of themselves and an alleged group of similarly situated workers, the existence of which

is expressly denied. Defendants further deny that they were Plaintiffs' employer or contractor;

upon information and belief, it was Xperts, Inc. Except as expressly admitted herein, Defendants

deny all the allegations in paragraph 1 of Plaintiffs' Complaint.

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 1331 as this case involves questions of federal law, specifically the FLSA. This Court has supplemental jurisdiction over the state law claims pursuant to 29 U.S.C. § 1367.

**Response:** Paragraph 2 contains legal conclusions that require no answer. If an answer were required, however, it is admitted that the FLSA might grant this Court with subject-matter jurisdiction.

3. This Court has personal jurisdiction over Defendants, because they are Puerto Rico residents.

**Response:**  Paragraph 3 contains legal conclusions that require no answer. If an answer were required, it is denied that Plaintiffs have any valid claims against Defendants, who nonetheless admit that they are Puerto Rico residents.

4. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District, including many of the wrongs herein alleged.

**Response:**  Paragraph 4 contains legal conclusions that require no answer. If an answer were required, although it is denied that Plaintiffs have any valid claims against Defendants, Defendants do not dispute Plaintiffs' choice of venue.

5. Plaintiff Franky Tirado is an individual residing in Manati, Puerto Rico. His written consent form to this action is attached hereto.

**Response:** The allegations in Paragraph 5 are admitted, upon information and belief.

6. Plaintiff Teddy Lozada is an individual residing in Manati, Puerto Rico. His written consent form to this action is attached hereto.

**Response:** The allegations in Paragraph 6 are admitted, upon information and belief.

7. "Operator Class Members" constitutes all individuals whose primary duty was to operate heavy machinery for disaster relief on behalf of Defendants and were classified as independent contractors at any time from the three year period to the filing of the Complaint to the present.

**Response:** Paragraph 7 contains legal conclusions or labels that require no answer. If an answer were required, it is denied that Plaintiffs have any valid claims against Defendants. It is affirmatively alleged that Gonzalez, Jr. properly classified the individuals that operated

machinery during disaster-relief operations. Defendants specifically deny the existence of any purported "class."

8. "Laborer Class Members" constitutes all individuals employed by Defendants who were paid an hourly rate without overtime pay at any time from the three year period prior to the filing of the Complaint to the present.

**Response:** Paragraph 8 contains legal conclusions that require no answer. If an answer were required, it is denied that Plaintiffs have any valid claims against Defendants. It is affirmatively alleged that Gonzalez, Jr. properly paid overtime to any employee entitled to it. Defendants specifically deny the existence of any purported "class."

9. Defendant Xperts Construction, Inc. is a domestic for profit corporation organized and existing under the laws of the Commonwealth of Puerto Rico. Said Defendant can be served with process by serving its registered agent Albert Gonzalez, Jr. at MAI Center, 2000 Kennedy Ave., Suite 213, San Juan, PR 00920.

**Response:** Paragraph 9 is admitted.

10. Defendant Albert Gonzalez, Jr. is an individual that may be served with process at MAI Center, 2000 Kennedy Ave., Suite 213, San Juan, PR 00920, or wherever he may be found.

**Response:** Paragraph 10 is admitted.

11. At all material times, Defendants have been employers within the meaning of FLSA. 29 U.S.C. § 203(d).

**Response:** Paragraph 11 contains legal conclusions that require no answer. If an answer were required, it is denied. And it is affirmatively alleged that neither Xperts Construction nor Gonzalez, Jr. employed or hired Plaintiffs.

12. In particular, Defendant Albert Gonzalez, Jr. is an employer under the FLSA because he is an officer, owner, and day to day manager of Defendant Xperts Construction, Inc. He exercised control over the finances, policies, and business practices of the company, including decisions related to hiring and firing and the decision to misclassify Plaintiff Tirado and the Operator Class Members as independent contractors instead of as employees. He also made the decision to deny overtime wages to Plaintiff Lozada and the Laborer Class Members. He ran the operation of the

company, was in charge of the payroll decisions, and supervised the staff of the company. Defendant Gonzalez, Jr. also supervised the daily work of the Plaintiffs and the Class Members. As such, Defendant Gonzalez, Jr. is an employer within the meaning of Section 3(d) of the FLSA and is individually liable for any judgment assessed in this action. *See also Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989).

**Response:** Paragraph 12 is denied. It is affirmatively alleged that neither Xperts Construction nor Gonzalez, Jr. employed or hired Plaintiffs. Defendants specifically deny the existence of any purported "class."

13. At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had and continue to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

**Response:** Paragraph 13 is denied. Defendants affirmatively alleged that Plaintiffs' work did not involve interstate activity.

14. At all material times, Defendants have each had an annual gross business volume in excess of the statutory standard of $500,000.

**Response:** Paragraph 14 is denied. It is affirmatively alleged that neither Xperts Construction nor Gonzalez, Jr. employed or hired Plaintiffs.

15. At all material times, Plaintiffs and the Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

**Response:** Paragraph 15 contains legal conclusions that require no answer. If an answer were required, it is denied.

16. At all material times, Defendants have been employers within the meaning of 29 L.P.R.A. § 250b.

**Response:** Paragraph 16 contains legal conclusions that require no answer. If an answer were required, it is denied. It is affirmatively alleged that neither Xperts Construction nor Gonzalez, Jr. employed or hired Plaintiffs.

17. At all material times, Plaintiffs and the Class Members were/are employees within the meaning of 29 L.P.R.A. § 250b.

**Response**: Paragraph 17 contains legal conclusions that require no answer. If an answer were required, it is denied.

18. In September 2017, Hurricane Maria struck the Commonwealth of Puerto Rico. Hurricane Maria was one of the largest natural disasters in history. As a result, much of the island was in need of repair and cleanup.

**Response:** Admitted.

19. Defendants operate a construction company conducting disaster relief work throughout Puerto Rico.

**Response:** Admitted.

20. To do this work, Defendants employ Laborers and Operators.

**Response:** Paragraph 20 is admitted pursuant to the ordinary meaning of "laborers" and "operators." Paragraph's 20 purported definitions or characterizations of "Laborers" and "Operators" are denied.

21.The Laborers are classified as employees of Defendants and are paid an hourly rate. The Laborers perform low skill, manual work. This work consisted of sweeping streets, picking up trash and debris, and similar activities.

**Response:** Denied.

22. However, when the Laborers work more than 8 hours in a day or 40 hours in a week, they are not paid any additional wages for overtime.

**Response:** Denied.

23. Plaintiff Lozada worked as a Laborer for Defendants. He worked in Vega Baja, Puerto Rico. He worked for Defendants from December 2017 to February 2018.

**Response:**  Upon information and belief, Defendants admit that Plaintiff Lozada worked as a "laborer" for Xperts, Inc. Defendants neither admit nor deny the remaining allegations, because they lack sufficient information upon which to form a belief. Except as expressly admitted herein, Defendants deny all the allegations in paragraph 23 of Plaintiffs' Complaint.

24. Like the Laborer Class Members, Plaintiff Lozada was denied overtime wages. For example, during the two week period of December 25, 2017 to February 2018, he worked 85.75 hours. He was paid his hourly rate of $10.20 but was not paid any additional wages for overtime.

**Response:** The allegations in Paragraph 24 are denied as drafted for lack of sufficient information to form an opinion regarding their veracity. Defendants specifically deny the existence of any purported "class." They also deny that Plaintiffs have any valid claims against Defendants.

25. Like Plaintiff Lozada, the Laborer Class Members worked overtime hours but were not paid any overtime wages when they worked more than 8 hours in one day or 40 hours in one week.

**Response:** Denied. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

26. Consequently, Defendants have violated the law by depriving Plaintiff Lozada and the Laborer Class Members overtime wages.

**Response:** Denied. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

27. Defendants have also violated the law by misclassifying their Operator employees as independent contractors.

**Response:** Denied.

28. The Operator Class Members operate heavy machinery to perform their disaster relief work. The job of the Operators involves digging dirt, moving heavy debris, and clearing space. Although they use large equipment and machinery to do this work, it is generally low skilled labor.

**Response:** Denied.

29. Plaintiff Tirado worked for Defendants as an Operator. He worked in Vega Baja, Puerto Rico and began working for Defendants in December 2017.

**Response:** Upon information and belief, Defendants admit that Plaintiff Tirado performed work for Xperts, Inc. Defendants neither admit nor deny the remaining allegations, because they lack sufficient information upon which to form a belief. Except as expressly admitted herein, Defendants deny all the allegations in paragraph 29 of Plaintiffs' Complaint.

30. He regularly worked overtime hours for Defendants. He regularly worked a schedule that was 6:30 am to 5:30 pm, seven days a week.

**Response:** The allegations in Paragraph 30 are denied as drafted for lack of sufficient information to form an opinion regarding its veracity. Defendants affirmatively allege that Plaintiffs have no valid claims against Defendants.

31. For this work, Plaintiff Tirado was paid a date rate. However, he was not paid any additional compensation when he worked more than 8 hours per day or 40 hours per week.

**Response:** The allegations in Paragraph 31 are denied as drafted for lack of sufficient information to form an opinion regarding its veracity. Defendants affirmatively allege that Plaintiffs have no valid claims against Defendants.

32. Additionally, Defendants took illegal deductions from Plaintiff Tirado's wages for a purported "prof serv tax" and a "job retainage report." There is no valid basis for Defendants to reduce Plaintiff Tirado's wages.

**Response:** The allegations in Paragraph 32 are denied as drafted.

33. Plaintiff Tirado and the Operator Class Members were not paid overtime because they were misclassified as independent contractors.

**Response:** The allegations in Paragraph 33 are denied. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

34. Plaintiff Tirado and the Operator Class Members are not independent contractors, but are employees.

**Response:** The allegations in Paragraph 34 are denied. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

35. Plaintiff Tirado and the Operator Class Members were paid a day rate.

**Response:** The allegations in Paragraph 35 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

36. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all duties generally associated with that of an employer with regard to Plaintiff Tirado and the Operator Class Members.

**Response:** The allegations in Paragraph 36 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants. It is affirmatively alleged that neither Xperts Construction nor Gonzalez, Jr. employed or hired Plaintiffs.

37. In addition, Defendants instructed Plaintiff Tirado and the Operator Class Members about when, where, and how they were to perform their work.

**Response:** The allegations in Paragraph 37 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

38. Moreover, the following conduct demonstrates that Defendants acted as an employer with respect to Plaintiff Tirado and the Operator Class Members:

a. Defendants required Plaintiff Tirado and the Operator Class Members to report to their assigned job site at a set time;

b. Defendants required Plaintiff Tirado and the Operator Class Members to request time off in advance and have that time away from work preapproved;

c. Defendants set forth the required procedures to be followed and the order and manner in which Plaintiff Tirado and the Operator Class Members were to perform their work;

d. Plaintiff Tirado and the Operator Class Members faced termination if they failed to perform their work in the manner required by Defendants;

e. Defendants assigned Plaintiff Tirado and the Operator Class Members a substantial number of hours of work per week;

f. Plaintiff Tirado's and the Operator Class Members' services were integrated into Defendants' operations;

g. Plaintiff Tirado and the Operator Class Members constituted the workforce without which Defendants could not perform their services;

h. Plaintiff Tirado and the Operator Class Members worked for Defendants for long periods of time as is common with employees; and

i. Defendants maintained the right to discharge Plaintiff Tirado and the Operator Class Members at any time.

**Response:** The allegations in Paragraph 38 and (a–i) are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

39. Furthermore, the degree of investment Plaintiff Tirado and the Operator Class Members made to perform their work pales in comparison to the expenses Defendants incurred.

**Response:** The allegations in Paragraph 39 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

40. Further, Plaintiff Tirado and the Operator Class Members performed work that was integral to the operations of Defendants.

**Response:** The allegations in Paragraph 40 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

41. Moreover, Defendants supervised and controlled the activities of Plaintiff Tirado and the Operator Class Members. Defendant monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendants.

**Response:** The allegations in Paragraph 41 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

42. Despite these facts, Defendants improperly classified Plaintiff Tirado and the Operator Class Members as independent contractor and not as employees.

**Response:** The allegations in Paragraph 42 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

43. Defendants misclassified the Plaintiff Tirado and the Operator Class Members as independent contractors to avoid their obligations pay these employees overtime.

**Response:** The allegations in Paragraph 43 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

44. However, at all times, Plaintiff Tirado and the Operator Class Members were employees of Defendants.

**Response:** Denied.

45. Although Plaintiff Tirado and the Operator Class Members have been required to work more than 8 hours per day and forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for overtime hours.

**Response:** Denied.

46. No exemption applies to Plaintiffs or the Class Members.

**Response:** The allegations in Paragraph 46 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

47. Defendants' method of paying Plaintiffs and all Class Members in violation of the FLSA was willful and was not based on good faith and reasonable belief that their conduct complied with the FLSA. Defendants' pay scheme was not by accident, but a well thought out plan to reduce labor costs. Defendants knew the requirement to pay overtime to their employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendants' violations of the FLSA were willful.

**Response:** Denied.

48. Plaintiffs seek to bring their claims under the FLSA on behalf of himself and all other similarly situated workers of Defendants. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiffs seek unpaid wages, liquidated damages, court costs, and attorneys' fees on behalf of the Laborer Class and Operator Class.

**Response:** In answer to Paragraph 48, Defendants admit that Plaintiffs purport to assert claims on behalf of themselves and an alleged group of similarly situated workers, the existence of which is expressly denied. Except as expressly admitted herein, Defendants deny all the allegations in paragraph 48 of Plaintiffs' Complaint. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

49. Plaintiffs have actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty hours per workweek. That is, Plaintiffs worked with other Laborers and Operators of Defendants. As such, they have first-hand knowledge of the same pay violations throughout Defendants' operations.

**Response:** The allegations in Paragraph 49 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

50. Other workers similarly situated to the Plaintiffs work or have worked for Defendants but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

**Response:** The allegations in Paragraph 50 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

51. Although Defendants permitted and/or required the Laborer Class Members and Operator Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

**Response:** Defendants deny all the allegations in paragraph 51 of Plaintiffs' Complaint. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

52. The Class Members perform or have performed the same or similar work as the Plaintiffs.

**Response:** The allegations in Paragraph 52 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

53. The Class Members regularly work or have worked in excess of forty hours during a workweek.

**Response:** The allegations in Paragraph 53 are denied as drafted for lack of sufficient information to form an opinion regarding its veracity. Defendants affirmatively allege that Plaintiffs have no valid claims against Defendants, and specifically deny the existence of any purported "class."

54. Like Plaintiffs, the Class Members were not paid overtime.

**Response:** Denied.

55. The Class Members are not exempt from receiving overtime under the FLSA.

**Response:** The allegations in Paragraph 55 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

56. As such, the Class Members are similar to the Plaintiffs in term of job duties, pay structure, misclassification as independent contractor and/or the denial of overtime.

**Response:** The allegations in Paragraph 56 are denied as drafted. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

57. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

**Response:** The allegations in Paragraph 57 are denied.

58. The experience of the Plaintiffs, with respect to their pay, and lack thereof, is typical of the experiences of the Class Members.

**Response:** The allegations in Paragraph 58 are denied as drafted for lack of sufficient information to form an opinion regarding its veracity. Defendants affirmatively allege that Plaintiffs have no valid claims against Defendants, and specifically deny the existence of any purported "class."

59. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

**Response:** The allegations in Paragraph 59 are not directed at Defendants and thus no answer is required. If one were required, it is denied. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

60. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

**Response:** The allegations in Paragraph 60 are not directed at Defendants and thus no answer is required. If one were required, it is denied. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

61. Although the exact amount of damages may vary among Class Members, the damages can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

**Response:** The allegations in Paragraph 61 are denied as drafted for lack of sufficient information to form an opinion regarding its veracity. Defendants affirmatively allege that Plaintiffs have no valid claims against Defendants, and specifically deny the existence of any purported "class."

62. As such, the classes of similarly situated workers is properly defined as follows:

> **"Operator Class:"** all individuals whose primary duty was to operate heavy machinery for disaster relief on behalf of Defendants and were classified as independent contractors at any time from the three year period prior to the filing of the Complaint to the present.

> **"Laborer Class:"** all individuals employed by Defendants who were paid an hourly rate without overtime pay at any time from the three year period prior to the filing of the Complaint to the present.

**Response:** The allegations in Paragraph 62 are not directed at Defendants and thus no answer is required. If one were required, it is denied. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

63. Plaintiffs also seek to represent two classes under Fed. R. Civ. P. 23(b)(3) for back wages, interest and liquidated damages under the Puerto Rico Wage Payment Statute 29 L.P.R.A. §§ 171, et seq., §§ 250, et seq., and §§ 271, et seq. The classes are defined below:

> **"Operator Class:"** all individuals whose primary duty was to operate heavy machinery for disaster relief on behalf of Defendants and were classified as independent contractors at any time from the three year period prior to the filing of the Complaint to the present.

"**Laborer Class:**" **all individuals employed by Defendants who were paid an hourly rate without overtime pay at any time from the three year period prior to the filing of the Complaint to the present.**

**Response:** The allegations in Paragraph 63 are not directed at Defendants and thus no answer is required. If one were required, it is denied. Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any valid claims against Defendants.

64. The individuals in the Classes are so numerous that joinder of all individual members if impracticable. Although the precise number of such individuals is currently known to Defendants, Plaintiffs believe that the number of individuals that worked for Defendants in Puerto Rico in the last three years exceeds 40.

**Response:** The allegations in Paragraph 64 are denied as drafted for lack of sufficient information to form an opinion regarding its veracity. Defendants affirmatively allege that Plaintiffs have no valid claims against Defendants, and specifically deny the existence of any purported "class."

65. There are questions of law and fact common to the Classes that predominate over any individual questions solely affect individual members, including, but not limited to:

    A. Whether Defendants violated Puerto Rico law by classifying Operations as independent contractors as opposed to employees;
    B. Whether Defendants violated Puerto Rico law by failing to pay overtime wages to the laborers;
    C. Whether Plaintiffs and Class Members are entitled to overtime pay;
    D. Whether Plaintiffs and Class Members are entitled to liquidated damages;

**Response:** The allegations in Paragraph 65 are denied.

66. Plaintiffs' overtime claims are typical of those of the Operator and Laborer Classes. Plaintiff Tirado, like the other members of the Operator Class, were misclassified as an independent contractor and denied his right to overtime wages. The misclassification of Plaintiff Tirado resulted from the implementation of a pay policy which affected all Class Members in a similar way. Likewise, Plaintiff Lozado am the Laborer Class Members were denied overtime wages when they worked more than 40 hours in a week despite being classified as employees. Plaintiffs challenge Defendants' pay practices under legal theories common to all Class Members.

**Response:** Defendants deny all the allegations in paragraph 66 of Plaintiffs' Complaint.

Defendants specifically deny the existence of any purported "class," and that Plaintiffs have any

valid claims against Defendants.

67. Plaintiffs and the undersigned counsel are adequate representatives of the Classes. Given Plaintiffs' losses, Plaintiffs have the incentive and are committed to the prosecution of this action for the benefit of the Classes. Plaintiffs have no interests that are antagonistic to those of the Classes or that would cause them to act adversely to the best interests of the Classes. Plaintiffs have retained counsel experienced in class action litigation and wage and hour disputes.

**Response:** The allegations in Paragraph 67 are not directed at Defendants and thus no answer is

required. If one were required, it is denied. Defendants specifically deny the existence of any

purported "class," and that Plaintiffs have any valid claims against Defendants.

68. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4), because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes which would establish incompatible standards for Defendants and similar companies.

**Response:** The allegations in Paragraph 68 are not directed at Defendants and thus no answer is

required. If one were required, it is denied. Defendants specifically deny the existence of any

purported "class," and that Plaintiffs have any valid claims against Defendants.

69. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes and because a class action is superior to other methods for the fair and efficient adjudication of this action.

**Response:** The allegations in Paragraph 69 are not directed at Defendants and thus no answer is

required. If one were required, it is denied.

### (First Cause of Action- Violations of the FLSA – Collective Action (Failure to Pay Overtime))

70. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

**Response:** Defendants repeat and reallege each response or defense contained in the previous paragraphs of this answer as if fully alleged herein.

71. 29 U.S.C. § 216(b) allows Plaintiffs to assert FLSA claims on behalf of themselves and all other employees similarly situated.  Plaintiffs assert this claim on behalf of themselves and all similarly situated employees in the Laborer Class and Operator Class defined above, who worked for Defendants at any time from the date three years prior to the date the Complaint was originally filed continuing through the present.  All requirements for a collective action are met.

**Response:** Because Paragraph 71, which is a legal averment, contains neither a claim nor an allegation against Defendants, it requires no responsive pleading. If one were required, it is denied.

72. 29 U.S.C. § 207 requires Defendants to pay all employees for each hour worked in excess of 40 at a rate equal to one and a one half times the regular rate of pay.

**Response:** Because Paragraph 72, which is a legal averment, contains neither a claim nor an allegation against Defendants, it requires no responsive pleading. If one were required, the (legal) averments in paragraph 72 are denied as drafted: They are too vague and ambiguous to require a responsive pleading.

73. Defendants failed to pay Plaintiffs and the Class Members overtime.

**Response**: Denied.

74. Based on the foregoing, Plaintiffs and the Class Members are entitled to the full statutory overtime as set forth in 29 U.S.C. § 207 for all periods in which they worked for Defendants.

**Response**: Denied.

75. They are also entitled to all wages that were wrongfully deducted from their pay.

**Response**: Denied.

76. Defendants' conduct was willful and with the intent to avoid paying them overtime and other benefits that they are legally entitled.

**Response**: Denied.

77. The Plaintiffs and Class Members are not exempt from the overtime requirements under FLSA.

**Response:** The allegations in Paragraph 77 are not directed at Defendants and thus require no response. If one were required, Paragraph 77 is denied.

78.The FLSA provides that a private civil action may be brought for the payment of federal minimum wages and overtime together with an equal amount in liquidated damages. Moreover, Plaintiffs and the Class Members are entitled to recover attorneys' fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

**Response:** Because Paragraph 78, which is a legal averment, contains neither a claim nor an allegation against Defendants, it requires no responsive pleading. If one were required, it is denied.

79.29 U.S.C § 211(c) provides in relevant part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

**Response:** Because Paragraph 79, which is a legal averment, contains neither a claim nor an allegation against Defendants, it requires no responsive pleading. If one were required, it is denied.

80. 29 C.F.R.§ 516.2 further requires that every employer shall maintain and preserve payroll and other records containing, without limitation, the total hours worked by each employee and each workday and total hours worked by each employee during the workweek.

**Response:** Because Paragraph 80, which is a legal averment, contains neither a claim nor an

allegation against Defendants, it requires no responsive pleading. If one were required, it is

denied.

81. To the extent that Defendants failed to maintain all records required by the
aforementioned statute and regulations and failed to furnish to Plaintiffs and the Class Members
comprehensive statements showing the hours they worked during the relevant time period, they
also violated the law.

**Response:** Denied.

82. When an employer fails to keep accurate records of hours worked by its employees,
*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 is controlling. That rule states:

> [W]here the employer's records are inaccurate or inadequate. . .an employee has
> carried out his burden if he proves that he has in fact performed work for which
> he was improperly compensated and if he produces sufficient evidence to show
> the amount and extent of that work as a matter of just and reasonable inference.
> The burden then shifts to the employer to come forward with evidence of the
> precise amount of work performed or with evidence to negate the reasonableness
> of the inference to be drawn from the employee's evidence. If the employer failed
> to produce such evidence, the court may then award damages to the employee,
> even though the result be only approximate.

**Response:** Because Paragraph 82, which is a legal averment, contains neither a claim nor an

allegation against Defendants, it requires no responsive pleading. If one were required, it is

denied.

83. The Supreme Court set forth the above standard to avoid allowing the employer to benefit
by failing to maintain proper records. Where damages are awarded pursuant to the standard in Mt.
Clemens, "[t]he employer cannot be heard to complain that the damages lack the exactness and
precision of measurement that would be possible had he kept records in accordance with . . . the
Act."

**Response:** Because Paragraph 83, which is a legal averment, contains neither a claim nor an

allegation against Defendants, it requires no responsive pleading. If one were required, it is

denied.

84. Based on the foregoing, on behalf of the Class Members, Plaintiffs seek unpaid overtime at the required legal rates for all their work during the relevant time period, back pay, reimbursement of all wrongful deductions, restitution, liquidated damages, attorneys' fees and costs, and any other relief allowed by the law.

**Response:** In answer to Paragraph 84, Defendants admit that Plaintiffs purport to assert claims

on behalf of themselves and an alleged group of similarly situated workers, the existence of

which is expressly denied. Defendants further deny that they were Plaintiffs' employer. Except

as expressly admitted herein, Defendants deny all the allegations in paragraph 1 of Plaintiffs'

Complaint.

85. Defendants are jointly and severally liable for the liability of each other.

**Response**: Denied.

### (Second Cause of Action – Puerto Rico Labor Law, 29 LPRA § 250 – Class Action (Failure to Pay Overtime))

86. Plaintiffs, on behalf of themselves and members of the Classes, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

**Response:** Defendants repeat and reallege each response or defense contained in the previous

paragraphs of this answer as if fully alleged herein.

87. It is unlawful under Puerto Rico law for any employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek or more than 8 hours in one day.

**Response:** Because Paragraph 87 contains neither a claim nor an allegation against Defendants,

it requires no responsive pleading. If one were required, it is denied.

88. In fact, Article II, Section 16 of the Puerto Rico Constitution provides that no worker shall work more than eight hours per day, and 29 L.P.R.A. § 273(a) defines overtime as "the hours that an employee works for an employer more than eight (8) hours during any period of twenty-four consecutive hours."

**Response:** Because Paragraph 88, which is a legal averment, contains neither a claim nor an allegation against Defendants, it requires no responsive pleading. If one were required, it is denied.

89. Defendants violated Article II, Section 16 of the Puerto Rico Constitution and 29 L.P.R.A. § 273(a), by regularly and repeatedly failing to properly compensate Plaintiffs for all their compensable overtime actually worked and failing to do so in the time required by the Constitution and 29 L.P.R.A. § 273 (a). "The right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection to his health or person in his work or employment, and to an ordinary work-day which shall not exceed eight hours. An employee may work more than this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed."

**Response:** Denied. It is affirmatively alleged that the Puerto Rico Constitution does not apply between private parties.

90. When Plaintiffs worked more than eight hours on the first day of their workweeks, and more than eight hours each subsequent day, the entire subsequent day should have been paid at time and one-half.

**Response:** Denied as drafted.

91. Defendant willfully failed to pay overtime pay to Plaintiffs.

**Response:** Denied

92. Indeed, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rates, of one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per workweek and more than 8 hours in one day.

**Response:** Denied

93. As a result of Defendant willful violations of the applicable Puerto Rico Labor Laws, Plaintiffs and the Class Members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre-and-post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**Response:** The allegations in Paragraph 93 are denied. Defendants specifically deny the existence

of any purported "class," and that Plaintiffs have any valid claims against Defendants.

**(Third Cause of Action – Puerto Rico Labor Law, 29 LPRA § 171, et seq.
Class Action (Illegal Deduction from Wages))**

94. Plaintiffs, on behalf of themselves and members of the Classes, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

**Response:** Defendants repeat and reallege each response or defense contained in the previous

paragraphs of this answer as if fully alleged herein.

95. Defendants made illegal deductions from the wages of the Plaintiffs and Class Members. These deductions had no basis in law. The deductions were an improper method of passing Defendants' overhead costs onto the Plaintiffs and Class Members.

**Response:** Denied.

96. As a result of Defendant's willful violations of the applicable Puerto Rico Labor Laws, Plaintiffs and Class members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), withheld wages, as provided for by the Puerto Rico Labor Law, Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**Response:** Denied. Defendants affirmatively allege that liability under this section is improper ,

because section 171 of title 29 of the Annotated Laws of Puerto Rico does not create a private

cause of action.

**(Fourth Cause of Action – Puerto Rico Labor Law, 29 LPRA § 173, et seq.
Class Action (Time and Manner of Payment Violations))**

97. Plaintiffs, on behalf of themselves and members of the Classes, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

**Response:** Defendants repeat and reallege each response or defense contained in the previous

paragraphs of this answer as if fully alleged herein.

98.  Puerto Rico Code 29 L.P.R.A. § 173, et seq. requires employers to pay their employees for all hours worked at intervals not to exceed fifteen (15) days. This section further provides that when an employee is dismissed from it work, the employer has a duty to pay the employee no later than the next official payday.

**Response:** Because Paragraph 98, which is a legal averment, contains neither a claim nor an allegation against Defendants, it requires no responsive pleading. If one were required, it is denied.

99.  Puerto Rico Code further provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney fees, and other appropriate relief. Puerto Rico Code 29 L.P.R.A. § 177.

**Response:** Because Paragraph 99, which is a legal averment, contains neither a claim nor an allegation against Defendants, it requires no responsive pleading. If one were required, it is denied.

100. Defendants, and each of them, violated Puerto Rico Code § 173 by regularly and repeatedly failing to properly compensate Plaintiffs for all their compensable time and failing to do so in the time required by law.

**Response:** Defendants deny Paragraph 100. It is affirmatively alleged that neither Xperts Construction nor Gonzalez, Jr. employed or hired Plaintiffs. Defendants affirmatively allege that liability under this section is improper, because section 173 of title 29 of the Annotated Laws of Puerto Rico lacks a private cause of action.

101. Defendants willfully failed to pay Plaintiffs for time worked.

**Response:** Defendants deny Paragraph 101.

102. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages, and other damages. all more than the jurisdictional minimum

**Response:** Defendants deny Paragraph 102.

103. Plaintiffs demand trial by jury on all issues so triable.

**Response:** Although Defendants admit that Paragraph 103 purports to demand a jury trial, they

deny that Plaintiffs are entitled to it.

104. Plaintiffs, on behalf of himself and the Class Members, defined above, pray for the relief
as follows:

A. Determining that the FLSA claims stated herein may proceed as a collective action;
B. Determining that the Puerto Rico claims stated herein may proceed as a class
action;
C. Declaring that Defendants committed multiple, separate violations of the FLSA
and Puerto Rico law;
D. Declaring that Defendants acted willfully in deliberate or reckless disregard of
Plaintiffs' rights and their obligations under the FLSA and Puerto Rico law;
E. Awarding actual and statutory damages, unpaid overtime wages, liquidated
damages, reimbursement for all withheld deductions, and penalties as authorized by
the FLSA and Puerto Rico law;
F. Awarding reasonable attorneys' fees and costs as provided by the FLSA and
Puerto Rico law; and
G. Granting such other and further relief, in law or equity, as this Court may deem
appropriate and just.

**Response:** Defendants deny that Plaintiffs or the purported class they seek to represent,

the existence of which is expressly denied, are entitled to any damages or relief including, but not

limited to, subparagraphs A through G, and asks this Court to dismiss Plaintiffs' Complaint in its

entirety and  award Defendants such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be

    granted as a matter of fact or law.

2. Puerto Rico labor and employment laws, including Puerto Rico's wage-and-hour laws**,** do

    not provide for individual liability.

3.  Plaintiffs' claims, in whole or in part, are barred by the applicable limitations period, contractual limitations period, or jurisdictional prerequisites.

4.  Some or all of the claims asserted in Plaintiffs' Complaint are barred by the equitable doctrines of laches, waiver, estoppel, or unclean hands.

5.  Some or all the claims in Plaintiffs' Complaint are barred by the doctrine of election of remedies.

6.  Defendants were not the "employer" of Plaintiffs.

7.  Defendants acted in good faith and in strict conformity with all its obligations, contractual or otherwise.

8.  Puerto Rico's wage-and-hour laws are preempted.

9.   Plaintiffs' claims are preempted by the Service Contract Act, 41 U.S.C. §§ 351–358.

10. Defendants' actions did not cause the damages alleged in the complaint.

11. Plaintiffs' alleged damages are speculative, exaggerated, unforeseeable, nonexistent, and in duplicative.

12. Plaintiffs' alleged damages were caused by their own conduct.

13. At all relevant times, Defendants diligently complied with all its duties under local and federal law.

14. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions complied with the FLSA and Puerto Rico Law 379.

15. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

16. This action is barred to the extent Plaintiffs seek recovery for time that is not compensable time, i.e. "hours worked" under the FLSA and Puerto Rico Law 379.

17. The Plaintiffs' claims are also estopped by the submissions of their own time records, which they were compensated for, including for all overtime worked and claimed.

18. Res judicata.

19. The Commonwealth of Puerto Rico is a "state" for the purposes of the FLSA's jurisdictional reach.

20. Neither Section 171 nor Section 173 of title 29 of the Annotated Laws of Puerto Rico creates a private cause of action.

21. Defendants are entitled to offset any amounts they may have paid related to any claims related to Plaintiffs' claims.

22. Defendants are also entitled to offset monies or other consideration paid or provided to Plaintiffs (or putative "class plaintiffs") by Defendants for periods in which Plaintiff (or putative "class plaintiffs") were not engaged to work.

23. To the extent that Plaintiffs may seek punitive damages, Plaintiffs' recovery is limited by the applicable provisions of the FLSA, and the United States and Commonwealth of Puerto Rico Constitutions.

24. Plaintiffs' Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

25. Plaintiff are not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner enough to give rise to punitive or liquidated damages liability.

26. Plaintiffs' action is barred because they seek to recover for time that is *de minimis* work time and thus not compensable under the FLSA and Puerto Rico Law 379.

27. Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any workweek (as Plaintiffs themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA and Puerto Rico Law 379.

28. Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

29. The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

30. Some or all of Plaintiffs' claims are barred by accord and satisfaction, settlement, or payment and release.

31. Neither Plaintiffs nor any member of the group of persons Plaintiffs purport to represent, the existence of which is expressly denied, are entitled to some or all of the relief requested in the Complaint because, even if Defendants were their employer, which Defendants deny, and any unlawful practice(s) occurred, which Defendants deny, such practice(s) was/were not committed, countenanced, ratified or approved by higher management in the corporation's corporate structure.

32. Plaintiffs cannot satisfy the requirements of a collective action under the FLSA, and some or all of the claims asserted in the Complaint are barred because Plaintiffs are not similarly situated to the group of individuals they purport to represent, the existence of which is expressly denied, or the members of the group of individuals

Plaintiffs purport to represent, the existence of which is expressly denied, are not similarly situated to each other.

33. Plaintiffs are inadequate purported representatives of some or all of the alleged group of individuals whom they purport to represent, the existence of which is expressly denied.

34. The types of claims alleged by Plaintiffs on behalf of themselves and the group of individuals which they purport to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective or class treatment.

35. Plaintiffs lack standing to raise some or all the claims of the alleged group of persons which they purport to represent, the existence of which is expressly denied.

36. Plaintiff would be unjustly enriched if permitted to recover against Defendant on the claims set forth in the Complaint.

37. Even if Defendants were Plaintiffs' employer, which they deny, all or part of the time for which Plaintiffs seek compensation for alleged unpaid hours worked does not constitute compensable time for purposes of the FLSA and Puerto Rico Law 379.

38. The Portal-to-Portal Act of 1947, 29 U.S.C. § 254(a), mandates a reduction in the number of hours for the time employees spent on meals and in traveling to and from their homes to their workplaces—hours for which the employees were paid, but which do not count as work.

39. Some of the employees are exempt from coverage, because the trucks they drive are operated under U.S. Department of Transportation (DOT) registration numbers and its

drivers maintain commercial driver's licenses, suffice to trigger the Motor Carrier Act exemption, 49 U.S.C. § 31502(b).

40. Plaintiffs and the members of the group they purport to represent, the existence of which is expressly denied, may not recover liquidated damages and prejudgment interest, because such relief would amount to a "double recovery."

41. Defendants' actions were in good faith conformity with and reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

42. The certification and trial of this case as a collective action would violate Defendant's rights under the Fifth and Seventh Amendments to the United States Constitution.

43. Defendants reserve the right to add or strike affirmative defenses, depending on the results of the discovery that will take place in the case.

**WHEREFORE**, Defendants respectfully request that this Court:

1. Refuse to certify this lawsuit as a collective or class action;

2. Enter judgment on Defendants' behalf on each of the counts in Plaintiffs' complaint;

3. Dismiss Plaintiffs' complaint with prejudice;

4. Award Defendants costs and attorney's fees, and;

5. Grant Defendants such other and further relief as this Court deems fair and equitable.

Dated: July 11, 2019                                        Respectfully submitted,

**SANABRIA BAUERMEISTER GARCIA & BERIO**
*Attorneys for Defendants*
Corporate Center | Ste. 202
33 Calle Resolución
San Juan, PR 00920
Tel. 787.300.3200
Fax. 787.300.3208

**/s/ ANTONIO L. GARCÍA**
ANTONIO L. GARCÍA

- 29 -

USDCPR No. 219106
agarcia@sbgblaw.com

**/S/ ARTURO V. BAUERMEISTER**
ARTURO V. BAUERMEISTER
USDC-PR 302604
avb@sbgblaw.com

**CERTIFICATE OF SERVICE**

I certify that, on this day, the foregoing was electronically filed with the Clerk of Court by

using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: **/s/ Arturo V. Bauermeister**