# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANKY TIRADO, ET AL., <br><br>**Plaintiffs**, <br><br>v. <br><br>EXPERTS CONSTRUCTION, INC., ET AL., <br><br>**Defendants**. | **CIVIL NO. 18-1614 (RAM)** |

## CONFIDENTIALITY ORDER

Disclosure and discovery activities in this action may involve confidential, nonpublic and competitively sensitive information. All parties (collectively the "Parties" and individually a "Party") have requested that the court issue a protective order to ensure the confidentiality of said information. (Docket No. 64 and 64-1). Accordingly, pursuant to Fed. R. Civ. P. 26(c), the Court **ORDERS** that each person subject to this Order, including the Parties to this action (as well as their respective corporate parents, successors, and assigns); their attorneys, experts and consultants must adhere to the following terms:

1. With respect to "Discovery Material" (i.e., non-public information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to

   this Order may disclose such Confidential Discovery Material
   to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

   a. Any audit and all references to the substantive content of any audit;

   b. Any information of a personal, health, or intimate nature regarding any individual;

   c. All references, referrals and/or matters relating to ongoing investigations by federal or Puerto Rico authorities;

   d. Non-public information related to providers; and

   e. Any other category of information that this Court subsequently affords confidential status pursuant to a request for a protective order.

3. With respect to the Confidential portion of any Discovery Material, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition testimony as Confidential

Discovery Material by notifying, at the time of the deposition, the reporter and all counsel present at the deposition that a certain line of questions will address, consist of, or relate to, confidential matters. All further use of the parts of the deposition transcript that have been designated as Confidential Discovery Material, including court filings, shall be in accordance with the provisions of this Order.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    a. the Parties to this action and their counsel;

b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hires and assigns to this matter;

d. any mediator or arbitrator that the Parties allow to engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form proposed at Docket No. 64-2;

e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

g. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement, in the form proposed at Docket No. 64-2;

    h. stenographers engaged to transcribe depositions the Parties conduct in this action; and

    i. this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form proposed at Docket No. 64-2 stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person testifies at deposition or at the conclusion of the case. Counsel may redact the date on which the Non-Disclosure Agreement was signed.

9. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall file a

redacted copy of the Confidential Court Submission via the Electronic Case Filing System with the "all parties" restriction.

11. A Party who objects to any designation of confidentiality may, at any time before the trial of this action, serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach an agreement promptly, counsel for any affected Party will bring their dispute before the Court. In accordance with Fed. R. Civ. P. 26(c)(1), any motion to that effect must include a certification that the parties have conferred, or attempted to confer, in good faith in an effort to resolve the dispute without court action.

12. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose. Nor will it be used in any other proceeding without prior notification to the Producing Party and court authorization. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

13. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in

response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

14. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If Confidential Materials are disclosed through inadvertence or otherwise to any person not authorized under this Order, the party or its representatives shall immediately inform the person receiving the Confidential Materials that the information is covered by this Order, make its best efforts to retrieve the Confidential Materials, and promptly inform the other party of the disclosure.

15. If Confidential Materials are to be presented by any Party in support of any motion or writing before the Court they shall be presented utilizing the level of confidentiality

available under the CM/ECF System where only the Parties and the Court have access to the document.

16. Upon the request of the Producing Party, within sixty (60) days of the final disposition of this action — including all appeals — the Receiving Party of Confidential Discovery Material shall be obligated to return such documents to the Producing Party by sending it to its counsel. Alternatively, the receiving party of confidential documents may dispose of such materials, upon the request of the Producing party, by thoroughly shredding them, and provide a certification attesting to such destruction to the sending party. In either event, by the 60-day deadline, the Receiving Party must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

17. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

18. Upon the final disposition of this action, this Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violations thereof.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 10th day of January 2020

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge